CHIEF JUSTICE TURNAGE,
specially concurring:
I concur in the majority Opinion and do so because the time has arrived for the legislature to revisit the legislation that is found in § 2-9-111, MCA, specifically (2), “a governmental entity is immune from suit for an act or omission of its legislative body or a member, officer or agent thereof.”
This section was enacted in the 1977 legislative session and has not been amended since its enactment.
The decisions mentioned in the majority Opinion, Peterson, Miller, and Eccleston, were decided by this Court on May 16,1989, December 13, 1989, and January 2, 1990, respectively. There has been no regular session of the legislature since those cases were decided by the Court. This Court’s interpretation of § 2-9-111, MCA, has expanded immunity of a governmental entity.
The current 1991 legislative session is the first opportunity that people of the State of Montana have had to consider the legislation contained in § 2-9-111, MCA, in the light of this Court’s interpretation in the cases mentioned. If the legislature determines that the language of the section is too broad, it has the opportunity to enact whatever provisions it deems appropriate.
For the first time this Court has concluded that, under the circumstances of this case, the purchase by a school district of insurance has waived its immunity. There are undoubtedly citizens of Montana who disagree strongly with that interpretation. As is apparent from the majority Opinion, this problem has been considered throughout the United States with different conclusions in different states.
The dissent has leveled criticism at the majority of the Court for doing what I believe the Court is required to do in construing statutory provisions —- follow the law. “In the construction of a statute, the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” Section 1-2-101, MCA. This is the rule of law governing statutory construction, and it *60 is an appropriate and proper rule. There is no place for individual preference or desire to become the rule of law when the Court interprets statutory language.
The result of the majority Opinion in this case is a waking example of a result that arrives at an unintended consequence. The majority of the Court has labored long and hard in an attempt to limit the application of this Opinion to school districts. Rest assured that such will not be the result of the decision. The rationale of the Opinion most certainly will be applied to all governmental entities, including the state and any political subdivision as well as the school districts.
The subject of tort liability of governmental entities, immunity from such liability and the relationship of insurance coverage is an area of unlimited legal complexity.
If such matters are left to the judicial system, they will be addressed by litigation on a case-by-case basis; a guaranty that uncertainty and confusion will be the result. Montana’s bench, bar and citizens will be placed in the position of not knowing what the rule of law may be in any one case until the final judgment of this Court has been rendered.
The legislature, not the courts, is the proper forum. It has at its disposal the adequate means to provide a deliberative process for study and, most importantly, to provide the opportunity for the public to participate and contribute their views at public hearings. This is how matters of serious public policy should, under our form of government, be resolved.
The citizens of this state are the ones that possess the power and the authority, speaking through their legislature, to make any corrections or amendments to existing law in the area covered by this opinion. It is only through that process that a careful, deliberative study of the problem can be accomplished, and the views and recommendations of citizens heard in an appropriate open public forum. The legislative process provides the opportunity for Montana to fully consider, debate and arrive at whatever answer is needed to the problem inherent in the legislation that now exists. The legislature is the proper forum to address this problem. Ajudicial resolution will only lead to further and more difficult litigation and uncertainty in the law.